OSTBY & BARTON COMPANY *vs.* ROMEO CURCIO.

FEBRUARY 4, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

Capotosto, J. This is a petition for review under the workmen's compensation act, general laws 1938, chapter 300, by an employer against an employee who was receiving compensation for total incapacity in accordance with an agreement between the parties dated August 25, 1947 and approved by the director of labor. The petition alleges that respondent's incapacity has ended or diminished. Following a hearing in the superior court, the trial justice found that the respondent was no longer incapacitated as a result of the accident covered by the agreement and a final decree to that effect was thereafter duly entered. The case is here on respondent's appeal from that decree.

It appears in evidence that on August 6, 1947, while in the course of respondent's regular employment at a polishing machine in petitioner's jewelry manufacturing plant, a bracelet slipped from his grasp and struck him in the left eye inflicting an injury for which he was hospitalized for a short period and thereafter treated or examined by various doctors whose reports were admitted in evidence with the consent of the respondent. A description of the injury in medical terms is unnecessary for our purpose, as the determinative question in this case is merely whether there

is any legal evidence to support the finding of the trial justice that "the respondent is no longer incapacitated for work due to said accident."

Respondent's sole contention is that the above-quoted finding was not supported by legal evidence. Our examination of the record convinces us that such contention is clearly without merit. There is nothing in any of the medical reports in evidence that relates respondent's present eye condition to the accident. That mishap was unmistakably eliminated as the cause of the "refractive error" in respondent's vision by Dr. Raymond F. Hacking, an eye specialist, in his report of December 17, 1947 in the following language: "Mr. Curcio's vision would be greatly improved if he wore glasses constantly. The need for glasses, however, is in no way the result of his alleged accident."

In a supplemental report dated January 28, 1948, which is the latest of the various reports in evidence, Dr. Hacking said that when he examined the respondent on December 15, 1947 he could see no reason why he "could not resume his previous occupation, doing as effective work as he had formerly done. However, with proper glasses his work would be immeasurably improved." Notwithstanding the fact that this supplemental report was introduced in evidence with respondent's consent, he now asks us to disregard the contents of that report because it "does not give any factual evidence" upon which the doctor bases his conclusion, and also because he "usurps the functions of the Superior Court" to decide whether the respondent could resume his regular work. From these premises the respondent then argues that with the elimination of Dr. Hacking's supplemental report there is no legal evidence that he is no longer incapacitated for work by reason of his accident of August 6, 1947.

This contention is clearly without merit. Evidence which was admitted with his consent cannot be ruled out by us on appeal merely because of some afterthought on his part.

Furthermore, while the supplemental report contains no "factual evidence" as he terms it, probably meaning that it makes no specific reference to the accident, that report is expressly tied up with the doctor's report of December 17, 1947, in which he refers to respondent's "alleged accident," which plainly indicates that the doctor had inquired. as to the cause of the physical disability complained of by him. In any event we cannot assume that the doctor examined the respondent without first ascertaining the history of his complaint or injury. But even if the supplemental report of Dr. Hacking were disregarded, there is ample legal evidence in the record by way of circumstances which conflicted with respondent's claim and therefore could support the finding of the trial justice in his decision that the respondent "grossly exaggerated his inability to see with the left eye" and such "exaggeration is present throughout his testimony."

We have consistently held that in compensation cases the credibility of the witnesses and the weight of legal evidence are questions of fact which are not open to inquiry by us on appeal from a decision of the superior court. In the absence of fraud, if there is some legal evidence to support the decision, as here, it is conclusive upon us by force of the act.

There is also no merit in respondent's claim that the doctor usurped the function of the superior court in stating that he was able to resume his ordinary occupation. He here fails to differentiate between a medical opinion and a judicial determination of that question. The doctor's opinion, like that of any other expert witness, was competent although not necessarily binding evidence to enlighten the court in reaching *his* decision upon all the evidence in the case. See *Ashton* v. *Tax Assessors,* 60 R. I. 388, 396, and cases cited.

The respondent's appeal is denied and dismissed, the

decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Worrell & Hodge, Lee A. Worrell,* for petitioner.

*Goldberg & Goldberg, Philip B. Goldberg, Leo M. Goldberg,* for respondent.